UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY ACKERMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 4:11CV687RWS |
| v. ) | |
| ) | |
| GLOBAL VEHICLES U.S.A., INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on Plaintiffs' motions for Leave to Conduct Jurisdictional Discovery [#29] and Leave to Conduct Service on Mahindra & Mahindra, Ltd. [#31]. Plaintiffs brought this action for breach of contract against Defendants Global Vehicles U.S.A., Inc. ("Global") and Mahindra & Mahindra, Ltd, an Indian corporation ("Mahindra"). Mahindra has filed a motion to dismiss for insufficient service and lack of personal jurisdiction. Plaintiffs now seek leave to conduct jurisdictional discovery in order to respond to Mahindra's personal jurisdiction argument. Plaintiffs also seek leave to serve Mahindra's local counsel. For the reasons stated below I will grant Plaintiffs' leave to conduct jurisdictional discovery and leave to serve Mahindra's local counsel.

**I.     Background**

Plaintiffs brought this action asserting various causes of action arising from a franchise agreement Plaintiffs entered into with Global for Plaintiffs to be a retailer of Mahindra vehicles. Plaintiffs assert Mahindra and Global entered into an agreement for Global to market dealer franchises to individuals and entities through the United States in order to develop a dealer base to distribute Mahindra vehicles. Plaintiffs assert that the agreement between Mahindra and Global

resulted in Global becoming an agent for Mahindra when it marketed dealer franchises.

Plaintiffs assert they agreed to open three separate Mahindra dealerships in the St. Louis area, signing letters of intent and paying $15,000 for one of the dealerships and $300,000 for two of the proposed dealerships. The dealerships were approved. Plaintiffs assert that in August 2010, Mahindra announced it was terminating its relationship with Global and would not import any vehicles into the United States.[1] Plaintiff alleges it has demanded a refund of the amounts it paid for the Mahindra dealerships and that Global and Mahindra have not refunded the funds paid by Plaintiffs.

Mahindra has moved to dismiss Plaintiffs' complaint arguing it has not been properly served and that this Court does not have personal jurisdiction over it. Plaintiffs indicate that service upon Mahindra under the Hague Convention is in process and expect for service to be completed within 120 days. Plaintiffs now seek to conduct jurisdictional discovery in order to respond to Mahindra's argument that this Court is without personal jurisdiction and leave to serve Mahindra's United States counsel. Mahindra has not responded to Plaintiffs' current motions.

**II.     Discussion**

    A.     Jurisdictional Discovery

Plaintiffs move for jurisdictional discovery. To address this Court's specific personal jurisdiction over Mahindra, Plaintiffs seek to conduct a deposition of John A. Perez, CEO of Global to establish Global and Mahindra's relationship was a joint venture, partnership, or

---

[1]Mahindra and Global are scheduled to participate in binding arbitration in London, England to address issues arising from the termination of their agreement.

agency.[2] Plaintiffs also seek to take the deposition of Sanjeev Mohoni, an employee of Mahindra or Mahindra's subsidiary in order to obtain additional information regarding the relationship between Global and Mahindra and Mahindra's business dealings through the United States. Plaintiff also seek for Global to produce agreements and correspondence between Mahindra and Global.

To develop their response that this Court has general jurisdiction over Mahindra, Plaintiffs seek to take the deposition of a corporate designee of Mahindra, request documents from Mahindra regarding lists of officers and directors, bank accounts, corporate minutes, and other documents to demonstrate Mahindra USA is dominated and controlled by Defendant Mahindra, to propound interrogatories on Mahindra to determine the nature of the relationship between the parent and subsidiary corporations, and to take the deposition of Sanjeev Mohoni as discussed above.

 "When a plaintiff offers only speculation or conclusory allegations about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Viasystems, Inc. v. EBM-Papst St. Georgen Gmbh & Co., KG, 2011 WL 2899147 *7 (8th Cir. 2001) (quoting Dever v. Hentzen Coatings. Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)).

Mahindra acknowledges that it entered into an agreement with Global but asserts that the agreement did not create an agency relationship. Mahindra acknowledges that if an agency relationship did exist, that this Court could have personal jurisdiction over it. As a result, Plaintiffs' claim is not clearly frivolous. Plaintiffs have demonstrated that they can supplement their jurisdictional allegations through discovery. Plaintiffs may conduct limited jurisdictional

---

[2]Deposition is already scheduled to take place on September 14, 2011.

discovery. Plaintiffs may conduct a deposition of John A. Perez, CEO of Global, take the deposition of a corporate designee of Mahindra, propound interrogatories upon Mahindra to determine the nature of the relationship between the parent and subsidiary corporations, and may seek from Global the production of agreements and correspondence between Mahindra and Global in order to respond to Mahindra's Motion to Dismiss. Discovery shall be completed within 90 days from the date of this Order. Plaintiffs' Response to Mahindra's Motion to Dismiss shall be filed no later than 14 days following the completion of discovery.

  B. Service of Attorneys

Federal Rule of Civil Procedure 4(h) describes the mechanism for serving a business entity. Fed.R.Civ.P. 4(h). Under Rule 4(h)(2), if the business is not located within the United States, service of process is conducted according to Rule 4(f), which describes the manner for serving an individual in a foreign country. Fed.R.Civ.P. 4(h)(2). Under Rule 4(f), service of process may be done in one of three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>  (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>  (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>  (C) unless prohibited by the foreign country's law, by:
>   (i) delivering a copy of the summons and of the complaint to the individual personally; or
>   (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

> **(3) by other means not prohibited by international agreement, as the court orders.**

Fed.R.Civ.P. 4(f)(1)-(3) (emphasis added).

Under the plain language of Rule 4(f)(3), service of process must be directed by the court, and must not be prohibited by any international agreement. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir.2002). There are no other limitations within the rule. Id. In fact, the court may order service under Rule 4(f)(3) that does not comply with the laws of the foreign country. Id. The court may also allow the plaintiff to attempt service under Rule 4(f)(3) before attempting service under either Rule 4(f)(1) or Rule 4(f)(2). Id. at 1015. "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." Id.

Applying Rule 4(f)(3), courts have authorized several alternative methods of service, including service by publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, delivery to the defendant's United States subsidiary, telex, and, increasingly, e-mail. Rio Props., 284 F.3d at 1016. But no matter what method of process the court orders, that method must comply with constitutional notions of due process. Rio Props., 284 F.3d at 1016. To satisfy the dictates of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

A court cannot authorize service on a foreign defendant's lawyer unless there has been adequate communication between the two. See Rio Props., 284 F.3d at 1017 (authorizing service

on foreign defendant's United States lawyer, but noting the attorney "had been specifically consulted by [the defendant] regarding this lawsuit.").

In this case, Plaintiffs previously attempted to serve Mahindra in a manner Mahindra argues in not effective. Plaintiffs now assert they are currently in the process of serving Mahindra under the Hague Convention and request alternative service so as to not further delay this case. The law firms Plaintiffs seek to effect service on, King & Spaulding (Atlanta, Georgia) and Greensfelder and Hemker (Belleville, IL), have entered appearances in this case on behalf of Mahindra, demonstrating they are in contact with Mahindra regarding this matter. As a result, I find that there is adequate communication between Mahindra and that the manner of service proposed by Plaintiffs is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mahindra has not filed a Response to Plaintiffs' motion and does not assert that the proposed means of service is prohibited by international agreement. As a result, I will grant Plaintiffs' Motion for Leave to Conduct Service Pursuant to Rule 4(f)(3).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Conduct Jurisdictional Discovery [#29] is **GRANTED in part and DENIED in part**. Plaintiffs are granted leave to conduct limited jurisdictional discovery as indicated above. Discovery shall be completed within 90 days of this Order and Plaintiffs' Response to Mahindra's Motion to Dismiss shall be filed no later than 14 days following the completion of jurisdictional discovery.

**IT IS FURTHER ORDERED that** Plaintiffs' Motion for Leave to Serve Mahindra & Mahindra, LTD Pursuant to Rule 4(f)(3) [#31] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2011.