UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY ACKERMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:11CV687RWS |
| GLOBAL VEHICLES U.S.A., INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs entered into dealership franchises with Defendant Global Vehicles U.S.A. ("Global") to sell vehicles distributed by Global and manufactured by Defendant Mahindra & Mahindra, LTD ("Mahindra"), an Indian company. Ultimately, vehicles manufactured by Mahindra were not imported into the United States and were not distributed by Global. As a result, Plaintiffs filed this lawsuit. This matter is currently before me on Defendant Mahindra's Motions to Dismiss [#13 and #49] under Rule 12(b)(2) for lack of personal jurisdiction. For the reasons stated below, I find that I do not have personal jurisdiction over Mahindra and the claims asserted against it will be dismissed without prejudice.

**Background**

Defendant Mahindra is an Indian corporation with its principal place of business in Mumbai, India. Mahindra manufactures trucks, farm equipment, and consumer vehicles. Defendant Global is a Nevada corporation with its principal place of business in Georgia. In 2006, Mahindra and Global entered into Distribution Agreement granting Global an exclusive right to distribute Mahindra's vehicles in the United States in exchange for Global's payment of $8.5 million to Mahindra. After entering into the Distribution Agreement, Global solicited and entered into dealership agreements

with dealers to sell Mahindra vehicles at the retail level through franchise dealerships.  Upon entering into Letters of Intent with Global, Plaintiffs issued payments to Global.

Vehicles manufactured by Mahindra were never imported into the United States and were not distributed by Global to dealerships, including Plaintiffs.  Plaintiffs have unsuccessfully demanded the amounts paid for the dealerships be refunded by Mahindra or Global.

On August 1, 2011, Mahindra filed a motion to dismiss [#13] under Rule 12(b)(5) for improper service, or alternatively, under Rule 12(b)(2) for lack of personal jurisdiction.  I denied Mahindra's motion as moot to the extent it sought dismissal for lack of service due to Plaintiffs ongoing efforts to serve Mahindra according to the procedures set out in the Hague Convention.  On September 29, 2011, Mahindra filed a second motion to dismiss incorporating its earlier arguments regarding lack of personal jurisdiction and arguing that the claims asserted against it must be dismissed under Rule 12(b)(6) for failure to state a claim for which relief may be granted.  After having conducted limited jurisdictional discovery, Plaintiffs have filed a Response brief regarding Mahindra's personal jurisdiction arguments and the issue has now been fully briefed.

**Legal Standard**

In ruling on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff.  Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986).  When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists.  KV Pharmaceutical Co. v. J. Uriach & CIA, S.A, 648 F.3d 588, 591–92 (8th Cir. 2011); Viasystems, Inc. v. EBM–Pabst St Georgen GMBH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011); Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008); Dever v. Hentzen Coatings, 380 F.3d 1070, 1072 (8th Cir. 2004); Epps v. Stewart Information Servs. Corp., 327 F.3d

642, 647 (8th Cir. 2003); Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992); Enterprise Rent–A–Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1154 (E.D. Mo. 2001).  To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant.  KV Pharmaceutical, 648 F.3d at 591 ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists ..."); Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) ("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state."); Dever, 380 F.3d at 1072–73 (plaintiff must produce some evidence; conclusory allegations are insufficient to sustain the prima facie showing); Epps, 327 F.3d at 647; Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000).  A plaintiff's prima facie showing "must be tested, not by pleadings alone, but by affidavits and exhibits supporting or opposing the motion."  KV Pharmaceutical, 648 F.3d at 592 (internal quotation marks and citation omitted); Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (when considering whether personal jurisdiction exists under Missouri long arm statute, court may inquire by affidavits or otherwise into facts as they exist).  Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction.  Viasystems, 646 F.3d at 592; Epps, 327 F.3d at 647.

**Discussion**

For a federal court to exercise personal jurisdiction over a non-resident defendant, two prerequisites must be satisfied.  Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); see KV

Pharmaceutical, 648 F.3d at 592. First, the forum state's long arm statute must be satisfied. Viasystems, 646 F.3d at 593; Johnson, 614 F.3d at 794. Second, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy the Due Process clause of the Fourteenth Amendment. Johnson, 614 F.3d at 794; Miller, 528 F.3d at 1090; Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001); Clune, 244 F.3d at 541; Redwing, 146 F.3d at 543l; Burlington Indus., 97 F.3d at 1102. The due process and long arm statute inquiries should be analyzed separately. Viasystems, 646 F.3d at 593 n. 2.

The reach of Missouri's long arm statute is a question of Missouri law. See Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir. 1982). Missouri's long arm statute provides for personal jurisdiction over any person or firm who, inter alia, either in person or through an agent transacts business, makes a contract, or commits a tort within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." Furminator, Inc. v. Wahba, 2011 WL 3847390 at *2 (E.D. Mo. Aug. 29, 2011) (quoting Bryant v. Smith Interior Design Group, Inc., 310 S.W.3d 227, 232 (Mo. 2010)).

The second prerequisite—minimum contacts—is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre Mach., Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011). Due process requires that a plaintiff show that a non-resident have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Id.; World–Wide Volkswagen v. Woodson, 444 U.S. 286, 291–92 (1980); Int'l

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109–112 (1987); Guinness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 614 (8th Cir. 1998).  A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there.  World–Wide Volkswagen, 444 U.S. at 297; Stanton, 340 F.3d at 694; Epps, 327 F.3d at 648.  Sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Nicastro, 131 S.Ct. at 2787 (internal quotation marks and citation omitted); see Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person."  Stanton, 340 F.3d at 693–94 (internal quotation marks and citation omitted).  "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." Stanton, 340 F.3d at 694 (internal quotation marks and citation omitted).  That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state.  In other words, the cause of action must arise out of or relate to a defendant's activities within a state." Romak USA, 384 F.3d at 984 (internal citations omitted).

The Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state.  Romak USA, 384 F.3d at 984.  The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state

in providing a forum for its residents; and 5) convenience of the parties.  Id.  The first three factors are of "primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction.  Id.

With respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction.  Viasystems, 646 F.3d at 589.  "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"  Id. at 593 (internal quotation marks and citation omitted).  General personal jurisdiction may be exercised if a defendant has maintained systematic and continuous presence in a forum state such that it has purposefully availed itself of the privileges of a particular state's laws to the point where exercising jurisdiction does not offend traditional notions of fair play or substantial justice. Nicastro, 131 S.Ct. at 2787.  Unlike specific personal jurisdiction, general personal jurisdiction does not require a direct relationship between the defendant's contacts with the forum and the plaintiff's cause of action.  See Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

Plaintiffs argue that I have specific personal jurisdiction over Mahindra by virtue of actions taken in Missouri by Global while allegedly acting as Mahindra's agent.[1]  Mahindra argues there was no agency relationship between it and Global and, as a result, Global's activities in Missouri cannot be imputed to Mahindra for jurisdictional purposes.

Under the Missouri long-arm statute, an agent conducting the transaction of business within the state subjects the principal to jurisdiction of Missouri courts as to any cause of action arising

---

[1] Plaintiffs do not assert any argument regarding my having general personal jurisdiction over Mahindra in their Response.

from the business transaction. MO. REV. STAT. § 506.500.

Under Missouri law, there are three essential elements of an agency relationship: "1) that an agent holds a power to alter legal relations between the principal and a third party; 2) that an agent is a fiduciary with respect to matters within the scope of the agency; and 3) that a principal has the right to control the conduct of the agent with respect to matters entrusted to the agent." State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo. 2002) (citing State ex rel. Elson v. Koehr, 856 S.W.2d 57, 60 (Mo. banc 1993). The absence of any one of these elements defeats a claim that agency exists. State ex rel. McDonald's Corp. v. Midkiff, 226 S.W.3d 119, 124 (Mo. 2007) (citing State ex rel. Bunting v. Koehr, 865 S.W.2d 351, 353 ( Mo. banc 1993).

Plaintiffs have failed to carry their burden to establish the first element of agency. The record establishes that Mahindra and Global entered into a Distributer Agreement. Under the terms of the Distributer Agreement, Global would distribute Mahindra vehicles in the United States. In consideration for the Global's right to distribute Mahindra vehicles, it paid Mahindra $8.5 million. In order for Global to distribute the vehicles, Global entered into written agreements with dealers throughout the United States.

The only argument Plaintiffs assert regarding Global having held the power to alter Mahindra's legal relations with third parties relies on a Dealer Sales and Services Agreement. Dealer Agree., Docket No. 62-3. Global entered into a Dealership Agreement with Jerry Ackerman Motors Sales, Inc. that specifically indicates the agreement is made by and between Global and Jerry Ackerman Motor Sales only.[2] Where a contract only alters the legal relationship of the alleged agent and a third party, not the legal relationship of the alleged principal and a third party, the first

---

[2] The Dealer Sales and Service Agreement Plaintiffs rely on is not signed by either Global or Jerry Ackerman Motor Sales, Inc.

-7-

element of an agency relationship is not satisfied. See State ex rel. McDonald's Corp. v. Midkiff, 226 S.W.3d 119, 124 (Mo. 2007). Mahindra was not a party to the agreement and Global did not alter Mahindra's legal relations with any third party by virtue of entering into the agreement.

Plaintiffs rely on Section 49 of the Distributor Agreement between Mahindra and Global to support its argument. Section 49 indicates that should Mahindra or Global terminate the Distributor Agreement and retail sales to dealers have begun, Mahindra will continue to sell and service vehicles. Any potential responsibility of Mahindra arising from this scenario is dictated by the Distributor Agreement and the legal relationship was not altered by Global entering into Dealership Agreements.

Further, the Distribution Agreement Mahindra and Global entered into explicitly indicates "Global Vehicle's relationship with [Mahindra] is that of an independent contractor and nothing in this Distributor Agreement is intended to, or should be construed to, create a partnership, joint venture, or employer-employee relationship. Global Vehicles is not the agent of [Mahindra] and is not authorized to make any representation, contract or commitment on behalf of [Mahindra]." Distributor Agree., Docket No. 64 at ¶ 57.

Plaintiffs have failed to carry their burden to make a prima facie showing of personal jurisdiction because they have failed to show that Global had the power to alter legal relations between Mahindra and a third party. Global's actions in Missouri cannot be imputed to Mahindra for purposes of finding personal jurisdiction and I find that I do not have specific personal jurisdiction over Mahindra under Missouri's long-arm statute.

Plaintiffs next argue that I have jurisdiction over Mahindra under Federal Rule of Civil Procedure 4(k)(2). Rule 4(k)(2) provides that jurisdiction over claims arising under federal law is

proper if: "(A) the defendant is not subject to any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2).  Here, Plaintiffs' argument fails because Plaintiffs do not allege, much less satisfy their burden to establish that Mahindra is not subject to any state's courts of general jurisdiction.  As a result, Mahindra's Motion to Dismiss for lack of personal jurisdiction will be granted and I will not reach the merits of Mahindra's 12(b)(6) arguments.

Accordingly,

    **IT IS HEREBY ORDERED** that Defendant Mahindra's Motions to Dismiss [#13 and 49] are **GRANTED** for the reasons stated above.

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Sur-Reply [#76] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2012.